# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON GOMEZ, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>BIDZ.COM, INC., AND DAVID ZINBERG,<br><br>Defendants.<br>--------------------------------------------<br>ROLAND POMFRET, On Behalf of Himself and All Others Similarly Situated,<br><br>Lead Plaintiff,<br><br>vs.<br><br>BIDZ.COM, INC., DAVID ZINBERG, and LAWRENCE Y. KONG,<br><br>Defendants<br><br>----------------------------------------<br>This Document Relates to: All Actions | Lead Case No. CV09-03216 CBM-Ex (Consolidated with Nos. CV09-03671 CBM; CV09-03967 CBM)<br><br>CLASS ACTION<br><br>ORDER GRANTING MOTION FOR CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES, FINAL APPROVAL OF THE SETTLEMENT, AND APPROVAL OF THE PLAN OF ALLOCATION AND GRANTING MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES [JS-6] |

# FINAL ORDER AND JUDGMENT

The matters before the Court are the Motion For Certification Of The Class For Settlement Purposes, Final Approval Of The Settlement, And Approval Of The Plan Of Allocation (the "Settlement"), [Docket No. 100], and Motion For An Award Of Attorneys' Fees And Reimbursement Of Expenses, [Docket No. 101].

This matter came before the Court for hearing pursuant to an Order of this Court dated February 21, 2013 (the "Preliminary Approval Order"), on the application of the Settling Parties for approval of the settlement (the "Settlement") set forth in the Stipulation and Agreement of Settlement dated as of December 17, 2012 (the "Stipulation"), and, following a hearing on July 12, 2013 before this Court to consider the motions of the Settling Parties, the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore, hereby GRANTS the Motion For Certification Of The Class For Settlement Purposes, Final Approval Of The Settlement, And Approval Of The Plan Of Allocation (the "Settlement"), [Docket No. 100], and GRANTS the Motion For An Award Of Attorneys' Fees And Reimbursement Of Expenses, [Docket No. 101], and therefore,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED,** that:

1. Unless otherwise indicated, all terms used herein shall have the same meanings as those terms have in the Stipulation.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. This Court finds that due and adequate notice was given of the Settlement, the Plan of Allocation of the Settlement proceeds, and Lead Plaintiff's Counsel's application for an award of attorneys' fees and reimbursement of expenses as directed by this Court's Preliminary Approval Order and that the

forms and methods for providing such notice to Settlement Class Members constituted the best notice practicable under the circumstances, including individual notice to all Members of the Settlement Class who could be identified through reasonable effort, and satisfied all of the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, only for purposes of effectuating this Settlement, a class consisting of all persons who purchased Bidz.com, Inc. ("Bidz.com") common stock during the period from August 13, 2007 through November 28, 2007, inclusive (the "Settlement Class" and "Settlement Class Period") and were damaged thereby. Excluded from the Settlement Class are the Defendants, any entity in which Defendants or any excluded person has or had a controlling ownership interest, the officers and directors of Bidz.com, members of their immediate families, and the legal affiliates, representatives, heirs, controlling persons, successors, and predecessors in interest or assigns of any such excluded party. The Settlement Class also excludes those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice sent to Settlement Class Members as provided in this Court's Preliminary Approval Order who are listed in Exhibit A thereto, at Docket No. 98. With respect to the Settlement Class, the Court finds that:

(a) the Settlement Class meets all of the requirements of Rule 23(a) of the Federal Rules of Civil Procedure because:

i. Settlement Class Members are so numerous that joinder of all members is impracticable;

ii. there are questions of law and fact common to the Settlement Class;

iii. the claims and defenses of the representative parties are typical of the Settlement Class; and

iv. the representative parties will fairly and adequately protect the interests of the Settlement Class.

(b) In addition, the Court finds that the Action satisfies the requirement of Rule 23(b)(3) in that there are questions of law and fact common to the members of the Settlement Class that predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; and

(c) The Court finds that Lead Plaintiff Roland Pomfret possesses claims that are typical of the claims of Settlement Class Members and that he has and will adequately represent the interest of Settlement Class Members and appoints him as the representative of the Settlement Class, and appoints Lead Counsel, Brower Piven, A Professional Corporation, as counsel for the Settlement Class.

Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement set forth in the Stipulation and finds that said Settlement is, in all respects, fair, reasonable, and adequate to, and is in the best interests of, Lead Plaintiff and each of the Settlement Class Members based on: the Settlement resulting from arm's-length negotiations between able and experienced counsel representing the interests of Lead Plaintiff, the Settlement Class Members, and the Defendants; the amount of the recovery for Settlement Class Members being within the range of fairness given the strengths and weaknesses of the claims and defenses thereto; the ability of the Defendants to withstand a greater judgment; the risks of non-recovery and/or recovery of a lesser amount than is represented through the Settlement by continued litigation through all pre-trial, trial and appellate proceeds; and the recommendation of

experienced counsel, and the absence of any objections from Settlement Class Members to the Settlement. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998). Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with its terms and provisions. The Settling Parties are hereby directed to perform the terms of the Stipulation.

5. Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members (except those persons and/or entities identified in Exhibit A of the Preliminary Approval Order, Docket No. 98, who have validly and timely requested exclusion from the Settlement Class), shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Parties as provided in the Stipulation, and the Action, including all claims contained therein, are hereby dismissed with prejudice as to Lead Plaintiff and the other Settlement Class Members.

6. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

7. This Court hereby approves the Plan of Allocation as set forth in the Notice, and directs Lead Counsel to proceed with the processing of Proofs of Claim and the administration of the Settlement pursuant to the terms of the Plan of Allocation and, upon completion of the claims processing procedure, to preset to this Court a proposed final distribution order for the distribution of the Net Settlement Fund to Settlement Class Members as provided in the Stipulation and Plan of Allocation.

8. This Court hereby awards Lead Plaintiff's Counsel attorneys' fees equal to 25% percent of the total benefits (equaling $3,200,000.00, including

interest accrued thereon) to the Settlement Class, or $800,000.00 plus accrued interest, and reimbursement of their out-of-pocket expenses in the amount of $100,000.00, with interest to accrue thereon at the same rate and for the same periods as has accrued by the Settlement Fund from the date of this Judgment to the date of actual payment of said attorneys' fees and expenses to Lead Counsel as provided in the Stipulation. The Court finds that amount of attorneys' fees awarded herein are fair and reasonable based on: the work performed and costs incurred by Lead Counsel; the complexity of the case; the risks undertaken by Lead Plaintiff's Counsel and the contingent nature of their employment; the quality of the work performed by Lead Plaintiff's Counsel in this Action and their standing and experience in prosecuting similar class action securities litigation; awards to successful plaintiffs' counsel in other, similar litigation; the benefits achieved for Settlement Class Members through the Settlement; and the absence of any objections from Settlement Class Members to either the application for an award of attorneys' fees or reimbursement of expenses to Lead Counsel. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002). Additionally, the lode-star cross-check shows that the 25% amount is reasonable. *Id*. The Court also finds that the requested reimbursement of expenses is proper as the expenses incurred by Lead Plaintiff's Counsel, including the costs of experts, were reasonable and necessary in the prosecution of this Action on behalf of Settlement Class Members. The attorneys' fees awarded and expenses reimbursed above shall be paid to, and distributed by Lead Counsel as provided in the Stipulation.

9. Lead Counsel may apply, from time to time, for any fees and/or expenses incurred by them solely in connection with the administration of the Settlement and distribution of the Net Settlement Fund to Settlement Class Members.

10. The Court finds that the Claim Administrator, The Garden City Group, Inc. ("GCG"), has incurred costs and expenses up to June 15, 2013 in providing notice to the Settlement Class as directed by the Preliminary Approval Order and administrating the Settlement of $110,583.81, which the Court finds reasonable and commercially competitive. Pursuant to the Stipulation (¶2.6), Bidz.com shall make a payment to GCG of $50,000.00. The Court approves a further payment of $60,583.81 to GCG from the Net Settlement Fund.

11. All payments of attorneys' fees and reimbursement of expenses to Lead Counsel in the Action shall be made from the Settlement Fund, and the Released Parties shall have no liability or responsibility for the payment of any of Lead Plaintiff's or Lead Counsel's attorneys' fees or expenses except as expressly provided in the Stipulation with respect to the cost of Notice and administration of the Settlement.

12. Neither appellate review nor modification of the Plan of Allocation set forth in the Notice or the award to Lead Counsel of attorneys' fees and/or reimbursement of expenses shall disturb or affect the final approval of the Settlement as provided in this Judgment and each shall be considered separate for the purposes of appellate review of this Final Judgment.

13. In the event that the Settlement does not become Final in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

//

//

//
//
//
//
//
//
//

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over (a) implementation and enforcement of any award or distribution from the Settlement Fund or Net Settlement Fund, (b) disposition of the Settlement Fund or Net Settlement Fund; (c) determining applications for payment attorneys' fees and/or expenses incurred by Lead Counsel in connection with administration and distribution of the Net Settlement Fund, (d) all parties hereto for the purpose of construing, enforcing, and administering the Stipulation, and (e) any other matters related to finalizing the Settlement and distribution of the proceeds of the Settlement.

IT IS SO ORDERED.

Date: October 11, 2013

Honorable Consuelo B. Marshall
United States District Judge